HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN J. ODELL, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, et al., <br><br> Defendants. | CASE NO. C10-165RAJ (lead case) <br><br> CASE NO. C10-179RAJ (member case) <br><br> ORDER |

This matter comes before the court on a motion to dismiss (Dkt. # 7) from the Federal Bureau of Investigation ("FBI") and a motion for summary judgment (Dkt. # 11) from Seattle Pacific University ("SPU"). No party has requested oral argument, and the court finds oral argument unnecessary. For the reasons stated herein, the court GRANTS both motions and directs the clerk to DISMISS this action with prejudice and enter judgment for Defendants.

Plaintiff Stephen Odell filed this lawsuit in King County Superior Court in 2008. It appears that he initially failed to serve any Defendant. When Defendants finally received notice of this action, the FBI removed the case to this court, invoking its status as an agency of the United States.

Mr. Odell's complaint contends that the FBI and the SPU acted improperly in events that led to Mr. Odell's arrest and detention in 1988. Mr. Odell's complaint is exceedingly difficult to decipher. It appears that he and his brother may have been

ORDER – 1

1  suspected of threatening SPU students with handguns, or perhaps he merely interfered
2  with an investigation into the whereabouts of a missing foreign student.  Mr. Odell
3  contends that as a result of his arrest and related conduct of the Defendants, he was
4  denied a nursing degree, and his mother suffered serious mental distress in the wake of
5  either a search of her home or an attempt to execute an arrest warrant at her home.

6        Although the court cannot decipher precisely what Mr. Odell believes happened to
7  him and his mother, there is no doubt about when Mr. Odell claims that the events
8  happened:  twenty-two years ago.

9        SPU points out in its motion for summary judgment that whatever claims Mr.
10  Odell brings now must be barred by whatever statutes of limitation apply.  Mr. Odell
11  claims libel, slander, false arrest, some variety of interference with music sales, infliction
12  of emotional distress, and appears to seek damages for his mother's injuries as well.  The
13  statute of limitations on each of those causes of action expired many years ago.  Indeed,
14  the court is unaware of any civil action based on the events in 1988 that would not be
15  time-barred.  Mr. Odell articulates no conduct that occurred more recently than 1990, and
16  he articulates no basis for tolling or otherwise excusing his failure to comply with the
17  statutes of limitation.  Accordingly, the court grants SPU's summary judgment motion.

18        The FBI might well have pointed to statutes of limitations as a basis for dismissing
19  Mr. Odell's suit, but it settled on a more fundamental issue:  lack of subject matter
20  jurisdiction.  To the extent Mr. Odell asserts tort claims against the FBI, he is suing the
21  government of the United States, and thus his claim is "forever barred unless it is
22  presented in writing to the appropriate Federal agency within two years after such claim
23  accrues or unless action is begun within six months after the date of mailing, by certified
24  or registered mail, of notice of final denial of the claim by the agency to which it was
25  presented." 28 U.S.C. § 2401(b).  The United States' waiver of sovereign immunity is
26  conditioned on filing the pre-suit claim; without it, the court lacks subject matter
27  jurisdiction.  *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985).  The FBI has
28  ORDER – 2

1  presented uncontradicted evidence that Mr. Odell never filed a pre-suit claim, and the
2  time has long passed for him to do so.  Thus, the court lacks subject matter jurisdiction
3  over Mr. Odell's tort claims against the FBI.  To the extent that Mr. Odell has any non-
4  tort claims against the FBI (a *Bivens* action, for example), they are time-barred.  *See* 28
5  U.S.C. § 2401(a) (imposing catchall six-year statute of limitations for claims against the
6  United States).

7        For the reasons stated above, the court GRANTS both Defendants' motions (Dkt.
8  ## 7, 11), DISMISSES this action with prejudice, and directs the clerk to enter judgment
9  for Defendants.

10       DATED this 15th day of July, 2010.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

28 ORDER – 3